### UNITED STATES v. McNUTT.
### No. 10938.

United States Court of Appeals
Seventh Circuit.
Jan. 6, 1954.

Alvin A. Turner, Chicago, Ill, for appellant.

Otto Kerner, Jr., U. S. Atty., John D. Schwartz, Asst. U. S. Atty., Chicago, Ill., for appellee.

Before MAJOR, Chief Judge, and DUFFY and FINNEGAN, Circuit Judges.

MAJOR, Chief Judge.

Appellant and Randal Carter were charged in a four-count indictment with the purchase, sale and concealment after importation of heroin, Secs. 2553(a) and 2554(a), Title 26 U.S.C.A., and Sec. 174, Title 21 U.S.C.A., and with conspiracy to violate the sections thus designated. Sec. 371, Title 18 U.S.C.A., Carter entered a plea of guilty. Appellant, after trial without a jury, was found guilty. From a judgment predicated upon such finding, appellant appeals.

The only contested issue of consequence is whether the evidence was sufficient to justify a finding of guilt.

The testimony offered by the government was brief. Appellant did not testify and no evidence was offered on his behalf. We have read the testimony and conclude that it was sufficient, if believed by the trial court as it evidently was, to justify the finding of guilt. At any rate, we cannot say that the evidence

when viewed in the light most favorable to the government, as it must be on review, does not support the finding.

There is proof that on May 2, 1953, Clerk Turnbull, an employee of the Narcotics Bureau, met appellant and Carter in a tavern located in Waukegan, Illinois, from which all three emerged at about the same time. Appellant and Carter left Turnbull and the former proceeded a short distance to a poolroom, which he entered. Later, McNutt left the poolroom, joined Carter on the street and placed something in the hand of Carter. The latter, without placing his hands in his pocket, returned to Turnbull and handed him a package. Admittedly, this package contained heroin.

■ The occurrence in controversy took place at night and appellant argues, with some plausibility, that the witnesses relied upon to establish the chain of circumstances could have been mistaken. It was for the district court, however, to evaluate the credibility of the witnesses and the weight to be attached to their testimony. It can hardly be denied that the evidence was sufficient, if believed, to trace the heroin directly from the hand of appellant to that of Carter and to the narcotic agent.

■■ Appellant makes a minor point, that the court erred in permitting to stand, over objection, the answer to a question propounded to a witness by counsel for the government. The question, referring to appellant and Carter, "Did they have a conversation?" was answered, "They appeared to say a few words." It is argued that "appeared" was merely a conclusion of the witness. We think appellant's contention on this point is without merit. Moreover, there is no showing as to what the conversation was about and it is not discernible how or in what manner the answer could have been prejudicial, particularly in view of the fact that the trial was before the court.

The judgment appealed from is

Affirmed.